THE STATE, THE MAYOR AND COUNCIL OF THE CITY OF NEWARK, PROSECUTORS, v. THE INHABITANTS OF THE TOWNSHIP OF BELLEVILLE, IN THE COUNTY OF ESSEX, ET AL.

The exemption from taxation of the property of the counties, townships, cities and boroughs of this state (*Gen. Stat., p.* 3320, *pl.* 200) is not limited to property used for public purposes.

———

On *certiorari* in matter of taxation.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutors, *Sherrerd Depue.*

For the defendants, *Oliver H. Perry.*

The opinion of the court was delivered by

COLLINS, J.   Review by this court is invoked of taxes assessed by the authorities of the township of Belleville, in the county of Essex, in the years 1894, 1895, 1896 and 1897, upon property situate within the territory of that township, owned by the city of Newark.   Some of the property is held without express authority of law ; some is held for sale and meanwhile rented, its original use being no longer necessary, and none is used for any present public purpose.

In *Camden County* v. *Washington Township,* 31 *Vroom* 367, this court held that the statute (*Gen. Stat., p.* 3320, *pl.* 200) exempting from taxation the property of the counties, townships, cities and boroughs of this state extends to extra-territorial holdings used for public purposes, although acquired without specific legal authority.   The only question, therefore, now before us is whether municipal property not used for public purposes is taxable, notwithstanding the statute. The decision cited foreshadowed a negative answer to this question when it should arise, as did also the earlier case of *Jersey City Water Commissioners* v. *Gaffney,* 5 *Vroom* 131, and logically such must be the answer.

Implied exemption, from a general taxing law, of public property is, indeed, conditioned upon public use.   A municipality may have a mere proprietary ownership which would come within the law.   It is otherwise as to an express exemption.   There the legislative will has been declared and must control.   The judicial function then is mere interpretation. In the statute we must now interpret, it has been enacted that the property of cities—all of it, not a part only—shall be exempt from taxation.   We have no right to interpolate a

limitation. There is no ambiguity in the language of the statute. To construe it so as to accord with what the court might think ought to have been enacted and would have been enacted had attention been directed to this phase of the subject, would be not to exercise our power to declare, but to usurp power to make the law.

No previous decision of this court has disposed of this question. *Newark* v. *Township of Clinton*, 20 *Vroom* 371, turned on the exemption of grave-yards. In *Newark* v. *Verona Township*, 30 *Id.* 94, there was a public use and the property was held exempt. Other cases cited relate to property held by railroad and other private corporations, and are therefore not applicable. As to such corporations the legal implication is in favor of the tax and exemptions are construed accordingly, while as to public corporations the legal implication is the opposite.

The taxes will be set aside, with costs.