THE STATE, THE INHABITANTS OF HACKETTSTOWN, IN THE COUNTY OF WARREN, PROSECUTOR, v. JAMES M. CONOVER, COLLECTOR OF TAXES, &c., OF THE TOWNSHIP OF MOUNT OLIVE, IN THE COUNTY OF MORRIS.

Submitted December 5, 1898—Decided February 27, 1899.

Property of counties, townships, cities or boroughs, wherever situate, is, by the statute (*Gen. Stat.*, *p.* 3320, *pl.* 200), exempt from taxation, notwithstanding that pecuniary profit is derived from its use.

On *certiorari*.   Matter of taxation.

Before Justices LUDLOW and COLLINS.

For the prosecutor, *William H. Morrow.*

For the defendant, *Joshua S. Salmon.*

The opinion of the court was delivered by

COLLINS, J.   The prosecutor, a borough in Warren county, owns a farm within the township of Mount Olive, Morris county, whereon it maintains a reservoir for the storing of the waters of a stream running through the farm.   Pipes laid from the reservoir supply the borough with water, from the disposition of which it derives pecuniary profit.   In 1897 this property was assessed for taxation by Mount Olive, and the present *certiorari* attacks the assessment.

The state of the case does not disclose any legal authority for the holding by the borough of land outside its territorial limits, but whether, with or without authority, property held for public use is exempt from taxation under our General Tax law, which directs exemption of "the property of the counties, townships, cities and boroughs of this state."   *Gen. Stat., p.* 3320, *pl.* 200.   This has been directly decided as to county holdings by this court and the court of last resort. *Camden County* v. *Washington Township,* 31 *Vroom* 367;

*affirmed*, 32 *Id.* 695.   Of course, boroughs come within the scope of the decision.

It is sought to restrict the exemption by denying it where pecuniary profit is derived from the extra-territorial holding, but in this case such profit is merely incidental to the public use, and therefore, by the same decision, is not to be considered.

As far as this court is concerned the exemption must be held absolute, irrespective of the character or use of the property or its revenues.   *Newark* v. *Belleville*, 32 *Vroom* 455. The question is legislative, not judicial.

The assessment and tax are therefore set aside, with costs.